IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THEODORE LAWRENCE THOMAS, | : | |
| Petitioner. | : | |
| VS. | : | |
| Warden NELSON, | : | NO. 5:15-CV-89-MTT-MSH |
| Respondent. | : | |
| _____ | : | |

## O R D E R

*Pro* se Petitioner Theodore Lawrence Thomas, an inmate at the Clayton County Prison, commenced this action by filing in the Northern District of Georgia a state habeas corpus form designated for the "Superior Court of Bibb County." (ECF No. 1.) Petitioner challenges the revocation of his probation in Bibb County, Georgia. The Northern District construed Petitioner's filing as a 28 U.S.C. § 2254 petition. Because the revocation occurred in the Middle District, the Northern District transferred the action to this Court. (ECF No. 3.) Petitioner has also filed a motion for leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2.)

It is unclear whether Petitioner wishes to file a state habeas action in Bibb County or a Federal habeas action under section 2254. If Petitioner wishes to proceed in this Court, he must present his claims on the Court's standard 28 U.S.C. § 2254 habeas corpus form. Additionally, Petitioner's inmate account attached to his IFP motion shows that Petitioner received $250.00 during the six months before he filed this action. The filing fee required

1

in a section 2254 case is only $5.00.  Petitioner's submissions indicate that he should be able to pay this amount.  His motion to proceed IFP is accordingly **DENIED**.

Petitioner is also advised that his petition is subject to the exhaustion doctrine.  *See* 28 U.S.C. § 2254(b)(1).  Petitioner is thus required to exhaust all available state remedies before he may go forward with this action in federal court.  *See Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements ... is that petitioners must first exhaust their state court remedies").  To exhaust state remedies, a petitioner must present "every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, pursuant to a state habeas corpus action, O.C.G.A. § 9-14-1(a)]."  *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010).  It appears from Petitioner's filing on the state habeas form that he has yet to exhaust his state remedies.  If so, Petitioner should notify the Court, and this action will be dismissed without prejudice to allow for such exhaustion.

Petitioner shall have **TWENTY-ONE (21) DAYS** from the date of this Order to: (1) complete the section 2254 form and return it to the Clerk of this Court; and (2) pay the $5.00 filing fee.  If Petitioner fails to submit the form and filing fee within said time, the Court will assume that he wishes to pursue a state habeas action and will dismiss his action in this Court.

The Clerk of Court is **DIRECTED** to forward this Court's section 2254 form to Petitioner.  All documents submitted in this case must show the case number 5:15-cv-89-MTT-MSH.

**SO ORDERED**, this 19th day of March, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE